### McNAIR v. OESTERREICHER.

### No. 6605.

Circuit Court of Appeals, Fifth Circuit.

March 10, 1933.

Rehearing Denied April 1, 1933.

Frank D. Upchurch, of St. Augustine, Fla., and Kenneth I. McKay, of Tampa, Fla., for appellant.

J. T. G. Crawford and Philip S. May, both of Jacksonville, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

From a decree awarding appellee a specific claim to the extent of $1,326 on the cash funds of the failed First National Bank of St. Augustine, the receiver appeals. The money appellee got judgment for was the proceeds of a certificate of deposit which had been cashed for appellee, by one of its officers, in whose hands it was, on the day of and about an hour before, the suspension of the bank.

Appellant insists that the cashing came too late to change the debtor-creditor relation theretofore existing between appellee and the bank, because of the statute, Rev. St. § 5242, 12 USCA § 91, prohibiting preferential transfers.

Appellee denies that the change occurred on that day. He insists that the change in relation occurred two days before when he presented the certificate, indorsed, to the cashier of the bank with the request to purchase Liberty bonds with it, in the face amount of $1,300, and the further request that if the bonds were not purchased, to convert the certificate into cash for him.

Appellee urges that these actions and requests effected a surrender of the certificate, and with it, of the former relation of debtor-creditor, and the creation of a new relation under which in effect specific funds in lieu of the certificate, were held by the bank for him, charged with a trust to lay them out in bonds, and, if that could not be done, deliver them to appellee in specie. That the cashing of the certificate on the day of the failure was a ministerial act of delivery, by which the cashier surrendered physically for the bank the funds of appellee, which since the certificate had been indorsed and delivered by him, the bank had held in trust. The District Judge, holding that our decision in Davis v. McNair, 48 F.(2d) 494, ruled this case, took appellee's view. He thought that appellee's action in indorsing and delivering the certificate was a surrender of it. He held that the legal situation thereafter was the same as if "appellant had cashed the certificate and had then proceeded to hand the money back to the bank under a specific agreement between him and the bank that the money was to be held as a special fund for the sole purpose of completing the purchase."

We need not undertake to determine what appellee's rights would be if he had in substance done just this (Blakey v. Brinson, 286 U. S. 254, 52 S. Ct. 516, 76 L. Ed. 1089), for we think it quite plain that he did no such thing. What he did the undisputed evidence plainly establishes. This was to place his certificate in the hands of the cashier of the bank with authority to use that certificate in the purchase of bonds, and with the further authority if the bonds could not be purchased to cash it in for him. The legal effect of what he did we think is as plain. That is, that appellee remained the owner of the certificate until it was applied to the purchase of bonds or cashed in, and that no bonds having been purchased and the cashing having occurred at a time and under circumstances

which in law prevented its becoming effective, appellee and the bank stood to each other when it failed as they had stood when the certificate was delivered to the cashier, plaintiff as the owner of the certificate, the bank as the owner of the funds. So standing, appellee makes no case for charging a trust upon funds in the hands of the receiver. His status is merely that of a creditor of the bank, holding its dishonored paper.

The judgment is reversed, and the cause remanded with directions to dismiss the bill without prejudice to appellee's claim as an unsecured creditor.